# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| BERNARDO PUENTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 1:17-cv-02106-MHH-JHE |
| | ) | |
| FCI TALLADEGA WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

On February 20, 2018, the magistrate judge entered a report in which he recommended that the Court dismiss with prejudice petitioner Bernardo Puente's 28 U.S.C. 2241 petition for writ of habeas corpus. (Doc. 10). The magistrate judge advised the parties of their right to file objections within 14 days. (Doc. 10, pp. 4-5). To date, no party has filed objections to the magistrate judge's report and recommendation.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report de novo and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779

n.9 (11th Cir. 1993); *see also LoConte v. Dugger*, 847 F.2d 745, 749 (11th Cir. 1988);

*Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[1]

Having reviewed Mr. Puente's petition and the report and recommendation, the

Court finds no material misstatements of law in the report and no plain error in the

magistrate judge's description of the relevant facts.[2]  Therefore, the Court adopts the

magistrate judge's report and accepts his recommendation.

The Court will enter a separate final order consistent with this memorandum

opinion.

**DONE** and **ORDERED** this March 15, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §§ 636(b)(1)(B)-(C).

[2] In his report, the magistrate judge explained that under prior Eleventh Circuit precedent, a petitioner seeking to establish that a district court had jurisdiction over a habeas petition pursuant to the savings clause of § 2255(e) had to establish the five following elements:

> (1) binding precedent foreclosed a claim at the time of his first motion to vacate; (2) the Supreme Court overturned our binding precedent that foreclosed that claim; (3) the new decision of the Supreme Court applies retroactively on collateral review; (4) as a result of this retroactive decision, the prisoner's sentence is not contrary to the law; and (5) this kind of claim can be brought under the savings clause. *Bryant v. Warden, FCC Coleman*, 738 F.3d 1253 (11th Cir. 2013), *overruled by McCarthan v. Director of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017).

(Doc. 10, p. 3).  The Court concludes that the word "not" in the fourth element is a scrivener's error. The fourth element should state "(4) . . . the prisoner's sentence is contrary to the law."